# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 12, 2011 Session

## IN RE ESTATE OF ROGER WASHINGTON BOULDIN

**Appeal from the Probate Court for Lewis County**
**No. 2009-PR-61     Timothy L. Easter, Judge**

**No. M2010-01035-COA-R3-CV - Filed August 30, 2011**

Daughter of decedent filed claim against estate. The probate court dismissed the daughter's claim on the ground that it was not timely filed. We affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Elizabeth Gai Bouldin Payor, Hohenwald, Tennessee, Pro Se.

Michael E. Spitzer, Hohenwald, Tennessee, for the appellee, Estate of Roger Washington Bouldin, Sue Anderson Bouldin, Executrix.

## OPINION

Elizabeth Bouldin Payor is the adult daughter of Roger Washington Bouldin, who died on September 17, 2009. At the time of his death, Mr. Bouldin was married to Marion Sue Anderson Bouldin, the stepmother of Ms. Payor.

Mr. Bouldin left a will executed on August 16, 2001, and a codicil executed on August 7, 2006. In his will, Mr. Bouldin made specific bequests to Ms. Payor of the following family antiques: a Gone with the Wind lamp, red base lamps, a brass preserving bucket, a wooden sugar bucket, a walnut platform rocker, samplers by Alice Beck, a sleigh bed, a tilt top walnut table, a walnut serving table, a walnut desk, an O.G. walnut mirror, a brown iron bed, a carnival glass berry pitcher, and a Baltimore pear pattern set of creamer, sugar, butter dish, and spoon holder. After several other specific bequests, the will provides that the rest and residue of the estate goes to Mr. Bouldin's wife, Marion Sue Anderson

Bouldin.[1]  Ms. Bouldin was named the executrix of the estate.  In the codicil, Mr. Bouldin made a specific bequest to his stepson of his Indian artifacts and Civil War relics.

Ms. Bouldin filed a petition for probate on October 6, 2009, and a notice to creditors was published in the *Lewis County Herald* for two consecutive weeks beginning on October 15, 2009.

On February 22, 2010, Ms. Payor filed a claim against the estate for the following items:

- Large carved wood chest
- Small walnut rocking chair
- $10,000 CD plus interest for lot
- $10,000 CD plus interest for George
- $10,000 CD plus interest for Jason
- $147.69 for running obituaries in six county newpapers
- Half of the sale of 978 West Main Street ($100,000)
- Half of the sale of the Buffalo Rd. Cabin ($75,000)
- All items given to her in the will
- Dental charges in the amount of $3,929 plus interest
- Property purchased on November 8, 1945 plus interest for 65 years ($5,500 plus interest)
- Property sold to RW Bouldin plus interest ($6,300 plus interest)
- All of Mr. Bouldin's awards and plaques
- Mr. Bouldin's roll-top desk
- Grandfather's dental cabinet
- All South American artifacts
- Llama hair blanket
- Walnut or cherry cannonball bed
- Wilson L. Bouldin family bible
- All Bouldin Hopkins family pictures
- All books in Mr. Bouldin's library
- All Civil War books
- All Abraham Lincoln books
- All Robert E. Lee books

---

[1]If Ms. Bouldin had not survived her husband, Mr. Bouldin's stepson was to have the option to purchase (at its appraised value on a recent tax notice) camp property on the Buffalo River, and the rest and residue of the estate was to be divided equally among Ms. Payor, the decedent's stepson, and his stepdaughter.

•    Cherry press

Attached to the claim forms are bank statements, invoices for obituaries, dental bills, deeds, and photographs of some of the requested items.

The estate filed an exception to Ms. Payor's claim on the grounds that it was not timely filed and that the pleading filed was not an actual claim but a "wish list." In her final settlement filed on February 23, 2010, the executrix stated that Ms. Payor had informed Ms. Bouldin that she desired to leave the items bequeathed to her in the will at Ms. Bouldin's residence and that these items would be given to Ms. Payor whenever she requested them.

Ms. Payor filed an answer to the estate's exception to her claim in which she argued that her claims against the estate were proper and timely. In praying for the requested relief, Ms. Payor concluded as follows:

> Claimant claims a legacy and beneficiary undistributed share to her father's estate. Elizabeth Gai Bouldin Payor, claimant, is the only authentic, true, acknowledged, proven blood heir of Roger Washington Bouldin. Claimant [prays] the Court will authorize payment of these claims of items. These items are the claimant's heritage, the claimant's name, the claimant's blood lineage, the claimant's birthright, and the claimant's rightful, natural father [sic].

Ms. Payor pointed out that she had not questioned the will itself, although she felt it might be "fatally flawed." She stated that this was an issue that "would have to be taken up at a later date in a later matter possibly should these claims not be satisfied."

The matter was heard on April 12, 2010. The trial court found that Ms. Payor's claim was not timely filed and therefore denied it. The court further ordered that Ms. Payor remove her bequeathed items from Ms. Bouldin's residence within 45 days unless the parties agreed otherwise in writing.[2] The estate was closed on April 12, 2010.

ANALYSIS

On appeal, Ms. Payor has presented several issues, including the trial court's alleged failure to consider her due process rights and "inconsistencies" in the petition for probate, the will, and other pleadings. As these issues were not raised below, we consider them waived for purposes of this appeal. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). The

---

[2] In her reply brief, Ms. Payor acknowledged receipt of these items.

only real issue here is whether the trial court erred in denying Ms. Payor's claim against the estate.

We find no error in the probate court's decision regarding the untimeliness of Ms. Payor's claim. The relevant statute, Tenn. Code Ann. § 30-2-307(a)(1) provides as follows:

> All claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(b).

The statutory notice states, in pertinent part:

> All persons, resident and nonresident, having claims, matured or unmatured, against the estate are required to file the same with the clerk of the above named court *within the earlier* of four (4) months from the date of the first publication (or posting, as the case may be) of this notice or twelve (12) months from the decedent's date of death, otherwise their claims will be forever barred.

Tenn. Code Ann. § 30-2-306(b) (emphasis added).

Ms. Payor asserts that the statute is ambiguous and difficult to understand and that her claim should be considered timely since it was filed within twelve months of her father's death. We cannot agree. The statute makes the applicable deadline "the earlier" of the four-month and twelve-month deadlines. In this case, the first publication was on October 15, 2009; four months from that date was February 15, 2010. Thus, Ms. Payor's claim filed on February 22, 2010 was not timely. The later date of twelve months from Mr. Bouldin's death, or September 17, 2010, is not applicable in this case.[3]

In light of our conclusion that the trial court properly determined that Ms. Payor's claim was not timely, we need not address any of the other issues she has raised.

---

[3]Ms. Payor does not argue, and we see no basis for an argument, that she should be considered a creditor entitled to actual notice pursuant to Tenn. Code Ann. § 30-2-306(d).

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal, for which execution may issue if necessary, are assessed against the appellant.

_____
ANDY D. BENNETT, JUDGE